UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL CHARLES PILOT,**<br><br>          Petitioner,<br><br>     v.<br><br>**COLLEEN KOLLAR-KOTELLY,**<br>*Personally and Individually;*<br><br>**JEFFERSON B. SESSIONS, III,**<br>*Officially;*<br><br>**CHANNING D. PHILLIPS,**<br>*Officially*,<br><br>          Respondents. | Case No. 17-cv-01337 (CRC) |

## OPINION AND ORDER

Pro Se Plaintiff Michael Pilot has an unfortunate history of personally suing District Court Judges whose rulings he dislikes.  See, e.g., Pilot v. Goldsmith, 17-cv-09929, (D.D.C. May 23, 2017) (CKK) (suit against U.S. District Judge Mark Goldsmith of the Eastern District of Michigan, among other officials).  Earlier this year, Judge Kollar-Kotelly of this Court denied Pilot's habeas petition because none of the respondents named in that case had custody over Pilot, and a proper habeas petition must be directed at "the person with the ability to produce the prisoner's body before the habeas court[,]" Rumsfield v. Padilla, 542 U.S. 426, 435 (2004) (quoting 28 U.S.C. § 2242) (internal quotation marks omitted).  See May 23, 2017 Memorandum Opinion and Transfer Order, 17-cv-09929, ECF No. 4.  Judge Kollar-Kotelly then transferred the case to the United States District Court for the Eastern District of Michigan, where Pilot's original habeas petition was still pending.  Id.  Judge Kollar-Kotelly subsequently denied Pilot's motion for leave to file a motion requesting reversal of the transfer order.  Id., ECF Nos. 6–7.

Less than two months later, Pilot filed the present action in this Court against Judge Kollar-Kotelly, in her personal and individual capacity; United States Attorney General Jefferson B. Sessions, III, in his official capacity; and the Acting United States Attorney Channing D. Phillips, in his official capacity. See July 6, 2017 Compl., 17-cv-01337, ECF No. 1. Pilot's 94-page complaint raises a series of largely incomprehensible claims, but it appears at bottom to seek a declaratory judgment vacating the transfer order and money damages under 42 U.S.C. § 1983. Id. at 85–86. Pilot has since moved to convene a three-judge panel under 28 U.S.C. § 2284 to review the transfer order. See Pl.'s Mot. Convene Three-Judge Court, ECF No. 3.

The Court has the authority to dismiss a case "at any time" if it determines that the complaint is (1) frivolous, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). All three grounds apply here and lead the Court to deny Pilot's motion, dismiss the case in its entirety, and quash the summons that have been issued to be served upon the defendants. First, the case is frivolous. When a judge issues an order against him, Pilot's proven pattern is to file a complaint with a new judge naming the prior judge as a defendant. Not only are these suits a backdoor attempt to relitigate his already decided claims, they are also a complete waste of judicial resources.

Second, "[a]s a general principle, it is well settled that transfer orders are not appealable final orders." Ukiah Adventist Hosp. v. F.T.C., 981 F.2d 543, 546 (D.C. Cir. 1992) (internal citations omitted). While Pilot has not styled his complaint as an appeal from the transfer order, what he seeks is essentially that—a three-judge panel to review and reverse the order. Furthermore, Pilot has failed to specify any statute authorizing a three-judge court to be convened for this purpose. See 28 U.S.C. § 2284(a) ("A district court of three judges shall be convened when otherwise *required by Act of Congress*" (emphasis added)). Pilot likewise fails to state claims on

which relief may be granted under § 1983.  He asserts, for example, that Judge Kollar-Kotelly acted in gross negligence by "[c]ontinuing to engage in improper abusive tactics as to the Removal of action" and "[i]gnoring common sense and federal common law[,]" Compl. 49–50; defamed him by publishing the transfer order, see id. at 54; and conspired with Judge Goldsmith to violate state and federal law, see id.  Nowhere does Pilot offer facts to support these accusations or evidence that Judge Kollar-Kotelly at any time acted outside of her official duties as a judge.  Because "[Pilot's] Complaint relies substantially, if not entirely, on naked assertions devoid of further factual enhancement," Ilaw v. Dep't of Justice, 148 F. Supp. 3d 24, 37 (D.D.C. 2015) (CKK), he has failed to state a claim.

Finally, the case must be dismissed on immunity grounds.  As to the claims against Judge Kollar-Kotelly, "[j]udges enjoy absolute judicial immunity from suits for money damages for all actions taken in [their] judicial capacity, unless [the] actions are taken in the complete absence of all jurisdiction."  Sindram v. Suda, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam) (internal citation omitted).  Such "immunity is an immunity from suit, not just from ultimate assessment of damages."  Mireles v. Waco, 502 U.S. 9, 11 (1991).  Pilot named Judge Kollar-Kotelly as a respondent and attached her transfer order to his complaint.  "Absolute immunity applies here because Judge [Kollar-Kotelly] was acting in her judicial capacity when she made the decisions challenged by [Pilot]."  Ilaw, 148 F. Supp. 3d at 34.  And Pilot does not put forward any evidence that jurisdiction was lacking in the previous action.  Therefore, Judge Kollar-Kotelly enjoys absolute immunity and the Court will accordingly dismiss the claims against her.

Additionally, the Court lacks jurisdiction over claims against Attorney General Sessions and U.S. Attorney Phillips and so must dismiss those claims under Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction.  Insofar as Pilot sued them in their official capacity,

3

the lawsuit is "effectively against the United States, and the complaint does not cite any statutory grant of jurisdiction to overcome sovereign immunity[,]" which is a jurisdictional question. See Hunter v. Obama, 2014 WL 1759513, at *1 (D.D.C. April 8, 2014) (citing FDCI v. Meyer, 510 U.S. 471, 475 (1994)).[1]

For the foregoing reasons, it is hereby

**ORDERED** that [3] Plaintiff's Motion to Convene Three-Judge Court is **DENIED**. It is further

**ORDERED** that this case is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that any summons issued in this case be quashed.

**SO ORDERED.**

CHRISTOPHER R. COOPER
United States District Judge

Date: July 18, 2017

---

[1] Typically, once the Court finds that jurisdiction is lacking, it would have no need to reach the other grounds for dismissal, such as Pilot's failure to state a claim or the frivolity of his suit. However, out of an abundance of caution and given the perplexing nature of the complaint and Pilot's pattern of abusing the judicial system, the Court finds it worthwhile to discuss the multiple justifications for dismissing the case.